## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

TODD W. TYLER,

       Plaintiff,

      v.                                     Civ. No. 20-779 SCY

KILOLO KIJAKAZI,
Acting Commissioner of
Social Security,[1]

       Defendant.

## MEMORANDUM OPINION AND ORDER[2]

Claimant Todd W. Tyler argues that the Commissioner committed error when she denied his claim for disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 401-434. Unusually, in this case the Appeals Council granted review and issued its own decision which corrected a legal error by the ALJ. Mr. Tyler argues that was improper and that both the ALJ and the Appeals Council erred, meriting reversal. Mr. Tyler also argues that no evidence supports the mental limitations in either decision below. The Court rejects both arguments. Because the Court reviews the final decision of the Commissioner, which in this case is the decision of the Appeals Council, any errors by the ALJ are no longer relevant. Instead, the Court reviews the Appeals Council's decision for error, and Mr. Tyler has pointed to no error in that decision. The Court

---

[1] Kilolo Kijakazi was appointed the acting Commissioner of the Social Security Administration on July 9, 2021, and is automatically substituted as a party pursuant to Federal Rule of Civil Procedure 25(d).

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings and to enter an order of judgment. Docs. 10, 11, 12. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c).

further finds that substantial evidence supports the Appeals Council's decision. As a result, the Court DENIES Mr. Tyler's Motion To Remand Or Reverse Agency Decision, Doc. 29, and affirms the decision below.[3]

## APPLICABLE LAW

### A.   Disability Determination Process

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (pertaining to disability insurance benefits); *see also id.* § 1382c(a)(3)(A) (pertaining to supplemental security income disability benefits for adult individuals). The Social Security Commissioner has adopted the familiar five-step sequential evaluation process ("SEP") to determine whether a person satisfies the statutory criteria as follows:

(1)   At step one, the ALJ must determine whether the claimant is engaged in "substantial gainful activity."[4] If the claimant is engaged in substantial gainful activity, he is not disabled regardless of his medical condition.

(2)   At step two, the ALJ must determine the severity of the claimed physical or mental impairment(s). If the claimant does not have an impairment or combination of impairments that is severe and meets the duration requirement, he is not disabled.

(3)   At step three, the ALJ must determine whether a claimant's impairment(s) meets or equals in severity one of the listings described in Appendix 1 of

---

[3] The Court reserves discussion of the background, procedural history, and medical records relevant to this appeal for its analysis.

[4] "Substantial work activity is work activity that involves doing significant physical or mental activities." 20 C.F.R. §§ 404.1572(a), 416.972(a). The claimant's "[w]ork may be substantial even if it is done on a part-time basis or if [he] doe[es] less, get[s] paid less, or ha[s] less responsibility than when [he] worked before." *Id.* "Gainful work activity is work activity that [the claimant] do[es] for pay or profit." *Id.* §§ 404.1572(b), 416.972(b).

the regulations and meets the duration requirement. If so, a claimant is presumed disabled.

(4)   If, however, the claimant's impairments do not meet or equal in severity one of the listings described in Appendix 1 of the regulations, the ALJ must determine at step four whether the claimant can perform his "past relevant work." Answering this question involves three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ considers all of the relevant medical and other evidence and determines what is "the most [the claimant] can still do despite [his physical and mental] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). This is called the claimant's residual functional capacity ("RFC"). *Id.* §§ 404.1545(a)(3), 416.945(a)(3). Second, the ALJ determines the physical and mental demands of the claimant's past work. Third, the ALJ determines whether, given the claimant's RFC, the claimant is capable of meeting those demands. A claimant who is capable of returning to past relevant work is not disabled.

(5)   If the claimant does not have the RFC to perform his past relevant work, the Commissioner, at step five, must show that the claimant is able to perform other work in the national economy, considering the claimant's RFC, age, education, and work experience. If the Commissioner is unable to make that showing, the claimant is deemed disabled. If, however, the Commissioner is able to make the required showing, the claimant is deemed not disabled.

*See* 20 C.F.R. § 404.1520(a)(4) (disability insurance benefits); 20 C.F.R. § 416.920(a)(4) (supplemental security income disability benefits); *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).

The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The burden shifts to the Commissioner at step five to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

B.     Standard of Review

This Court must affirm the Commissioner's denial of social security benefits unless

(1) the decision is not supported by "substantial evidence" or (2) the ALJ did not apply the

proper legal standards in reaching the decision. 42 U.S.C. § 405(g); *Hamlin v. Barnhart*, 365

F.3d 1208, 1214 (10th Cir. 2004); *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004);

*Casias*, 933 F.2d at 800-01. In making these determinations, the Court "neither reweigh[s] the

evidence nor substitute[s] [its] judgment for that of the agency.'" *Bowman v. Astrue*, 511 F.3d

1270, 1272 (10th Cir. 2008) (internal quotation marks omitted). "[W]hatever the meaning of

'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek*

*v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "Substantial evidence . . . is 'more

than a mere scintilla.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "It

means—and means only—such relevant evidence as a reasonable mind might accept as adequate

to support a conclusion." *Id.* (internal quotation marks omitted).

A decision "is not based on substantial evidence if it is overwhelmed by other evidence in

the record," *Langley*, 373 F.3d at 1118 (internal quotation marks omitted), or "constitutes mere

conclusion," *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The agency decision

must "provide this court with a sufficient basis to determine that appropriate legal principles

have been followed." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal

quotation marks omitted). Therefore, although an ALJ is not required to discuss every piece of

evidence, "[t]he record must demonstrate that the ALJ considered all of the evidence" and "a

minimal level of articulation of the ALJ's assessment of the evidence is required in cases in

which considerable evidence is presented to counter the agency's position." *Clifton v. Chater*, 79

F.3d 1007, 1009-10 (10th Cir. 1996) (internal quotation marks omitted). But where the reviewing

court "can follow the adjudicator's reasoning" in conducting its review, "and can determine that

4

correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). The court "should, indeed must, exercise common sense." *Id.* "The more comprehensive the ALJ's explanation, the easier [the] task; but [the court] cannot insist on technical perfection." *Id.*

## ANALYSIS

### I.      The Appeals Council Did Not Err By Granting Review.

Mr. Tyler filed his Title II disability insurance benefits application on January 9, 2018. AR 220. The ALJ held a hearing held on March 12, 2019 and denied the claim in a written decision on June 5, 2019. The ALJ assigned an RFC as follows:

> light work as defined in 20 CFR 404.1567(b) except he could occasionally stoop, kneel, crouch, crawl, balance, and climb ramps and stairs. He could never climb ladders, ropes, or scaffolds and he should avoid exposure to vibration, unprotected heights, hazardous machinery, and extreme cold. He could perform detailed but not complex work with occasional interaction with supervisors, coworkers, and members of the public, but he could not perform assembly line production work. He could make simple, work-related decisions in a workplace with few changes in the routine work setting. He may need to alternate from sitting to standing every thirty minutes for five minutes while remaining at the workstation. He may require the use of a cane for ambulation.

AR 225.

The ALJ found Mr. Tyler was unable to perform his past relevant work, but that jobs existed in significant numbers in the national economy which Mr. Tyler could perform. AR 228. In reaching her decision, the ALJ did not discuss the two opinions from Mr. Tyler's treating physician, Roger Rounds, D.O.

On November 5, 2016, Dr. Rounds wrote a letter in which he opined that Mr. Tyler cannot work: "For the last four years Todd's chronic pain has made it impossible to work in his profession as an automobile mechanic. He has pain at all times which increases with all ambulation." AR 83. "Mr. Tyler has been medically disabled and unable to work because of

5

chronic pain and this is now considered to be a relatively stable, chronic condition. His disability

and chronic pain is not amenable to rehabilitative treatment." *Id.* This letter was not in front of

the ALJ, but instead was "new evidence" submitted to the Appeals Council. Doc. 31 at 3; AR 4.[5]

On March 5, 2019, Dr. Rounds wrote another letter opining that Mr. Tyler's "chronic

pain pattern and inability to maintain a seated or standing position for more than 30 minutes and

sudden, severe episodes clearly do not allow for employment in a light duty manual labor nor in

an office environment." AR 638. This letter was submitted to the ALJ, but she did not exhibit or

evaluate its persuasiveness. Doc. 31 at 4; AR 5.

The Appeals Council granted review. AR 4. It noted that Mr. Tyler submitted additional

evidence after the ALJ hearing decision, including the 2016 opinion of Dr. Rounds, but found

that "this additional evidence does not show a reasonable probability that it would change the

outcome of the decision" and stated that it "did not exhibit this evidence." *Id.* However, it

recognized that Dr. Rounds' 2019 opinion *was* before the ALJ, and that the ALJ should have

evaluated this opinion for persuasiveness. AR 5. Accordingly, the Appeals Council evaluated Dr.

Rounds' opinion itself, as follows:

> The Appeals Council exhibited Dr. Rounds' opinion as Exhibit B12F, and finds it
> persuasive only insofar as it is consistent with the Administrative Law Judge's
> residual functional capacity assessment. In particular, the opinion that the
> claimant must change positions every 30 minutes is consistent with the evidence
> discussed in detail in the Administrative Law Judge's decision. That opinion is
> also internally supported by Dr. Rounds' report, which describes the claimant's
> medical history, symptoms, and admitted level of functioning (20 CFR
> 404.1520c(c)). On the other hand, Dr. Rounds' opinion about the claimant's
> inability to perform "employment" in "light duty manual labor" or in an "office
> environment" reaches issues reserved to the Commissioner of the Social Security

---

[5] In his opening brief and reply brief, Mr. Tyler criticizes the ALJ for failing to evaluate this
opinion. Doc. 30 at 4; Doc. 32 at 1-2. However, Mr. Tyler does not dispute the Commissioner's
contention that the 2016 letter was not submitted to the ALJ. It cannot be error for the ALJ to
have failed to discuss something that was not before her.

Administration, and is inherently neither valuable nor persuasive (20 CFR 404.1520b(c)(3)).

AR 5. The Appeals Council concluded "that the residual functional capacity assessed by the Administrative Law Judge is supported and adopts it in full," and affirmed the finding that Mr. Tyler can perform work in the national economy. AR 5-7. As a result, the Appeals Council denied Mr. Tyler's application for benefits. AR 8.

On appeal to this Court, Mr. Tyler raises several points of error. First, he argues that the RFC for alternating sitting/standing every thirty minutes is not consistent with Dr. Rounds' opinion that Mr. Tyler's pain "increases after sitting or walking more than several minutes to a level of 7-8." Doc. 30 at 7; AR 638. Therefore, Mr. Tyler argues, the Appeals Council erred by claiming that the "change positions" part of the RFC is consistent with Dr. Rounds' opinion.

The Court disagrees. The Appeals Council clearly stated that it partially rejected and partially accepted Dr. Rounds' opinion. That is, it accepted the statement that "the claimant must change positions every 30 minutes." AR 5. The Appeals Council's description of this statement is consistent with at least part of Dr. Rounds' opinion. AR 638 (referring to Mr. Tyler's "inability to maintain a seated or standing position for more than 30 minutes"). The fact that the Appeals Council rejected the rest of the Dr. Rounds' opinion—including the statement that Mr. Tyler cannot sit or walk more than "several minutes"—is not error if it was supported by a proper explanation and substantial evidence.

In other words, the Commissioner is not required to adopt medical opinions wholesale—only to evaluate them for persuasiveness. The Appeals Council did so here. Mr. Tyle invokes the rule that the Commission cannot "pick and choose" portions of a medical opinion. *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007). But *Haga* was about a failure to *explain* why the ALJ rejected portions of a medical opinion and to tie it to other evidence in the record that

contradicted those portions of the medical opinion. *Id.* ("[T]he ALJ should have explained why he rejected four of the moderate restrictions . . . . Although the government is correct that the ALJ is entitled to resolve any conflicts in the record, the ALJ did not state that any evidence conflicted with Dr. Rawlings' opinion or mental RFC assessment. So it is simply unexplained why the ALJ adopted some of Dr. Rawlings' restrictions but not others."). In other words, *Haga* describes a procedural rule of explanation, not a substantive rule against partial rejection and partial acceptance of a medical opinion. The Appeals Council here explained which parts of Dr. Round's opinion it rejected and why. That is not error under *Haga*.

Second, Mr. Tyler argues that the Appeals Council erred procedurally, in that the Appeals Council cannot correct the ALJ's error by granting review and reaching its own decision evaluating the persuasiveness of Dr. Rounds' opinion. Doc. 30 at 8-9. The ALJ was required to evaluate all the medical evidence in the record and reach a decision based on the entire record, Mr. Tyler argues, not a partial record. *Id.* While this is a true statement of law, Mr. Tyler is wrong about the function of the Appeals Council and his argument runs contrary to the regulations and the case law.

The regulations expressly permit the Appeals Council to act as it did in this case: grant review and make a decision that corrects the error below. 20 C.F.R. § 404.967 ("The Appeals Council . . . may grant the request [for review] and . . . issue a decision"); *id.* § 404.970(a) ("The Appeals Council will review a case at a party's request or on its own motion if . . . [t]here is an error of law"); *id.* § 404.979 ("After it has reviewed all the evidence in the administrative law judge hearing record and any additional evidence received, . . . the Appeals Council will make a decision or remand the case to an administrative law judge. The Appeals Council may affirm, modify or reverse the administrative law judge hearing decision or it may adopt, modify or reject

a recommended decision. If the Appeals Council issues its own decision, it will base its decision on the preponderance of the evidence."). In other words, Mr. Tyler is correct that the Commissioner must issue a decision that properly considers all the evidence in the record. In this case, that decision is the Appeals Council's decision. Whether the ALJ erred or not is moot except to the extent the errors of the ALJ are incorporated into the Appeals Council's opinion, which did not occur with respect to Dr. Rounds' 2019 opinion.

The governing statute and case law confirm this conclusion. Because the Appeals Council granted review, the final decision of the Commissioner is the Appeals Council's decision, 20 C.F.R. § 404.981, and judicial review is of "any final decision of the Commissioner of Social Security", 42 U.S.C. § 405(g); *see also* 20 C.F.R. § 404.955(a) (when the Appeals Council grants a claimant's request for review, the ALJ's decision does not become final). As the Tenth Circuit has explained, "[t]he Secretary may review any decision of an ALJ, and the Secretary, acting through the Appeals Council, makes the final judicially reviewable decision in a given case. The role of the court is to review the decision of the Secretary; if it is supported by substantial evidence, it is conclusive." *Reyes v. Bowen*, 845 F.2d 242, 244 (10th Cir. 1988) (citation omitted); *see also Martinez v. Barnhart*, 164 F. App'x 725, 729 (10th Cir. 2006).

The Court therefore does not consider any arguments that the ALJ erred, because the decision of the ALJ is not the final decision of the Commissioner subject to judicial review. The Court likewise rejects the argument that the Appeals Council erred by granting review and issuing its own decision that considered all the evidence including Dr. Round's 2019 opinion.

The analysis is different for Dr. Round's 2016 opinion. Because the Appeals Council did not consider or exhibit this evidence, it is not part of the record which the Appeals Council considered when issuing its decision. AR 4; *Padilla v. Colvin*, 525 F. App'x 710, 712 (10th Cir.

2013). Thus, the issue on appeal is whether the Appeals Council *should* have exhibited and considered this evidence. *Padilla*, 525 F. App'x at 712. Under its regulations, the Appeals Council will only accept additional evidence "that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5). The Tenth Circuit held that whether evidence qualifies for consideration by the Appeals Council under this regulation is a question of law subject to de novo review by this Court. *Krauser v. Astrue*, 638 F.3d 1324, 1328 (10th Cir. 2011).

Plaintiff does not make any arguments under this standard. Plaintiff argues summarily that it was error for the ALJ and the Appeals Council to "omit[] mention" of this 2016 opinion. Doc. 30 at 8. As discussed above, the Court does not review the ALJ decision. And contrary to Mr. Tyler's representation, the Appeals Council *did* mention this opinion. AR 4 ("The claimant submitted additional evidence from the following sources: . . . Roger Rounds, D.O., dated November 5, 2016 (1 page). The Appeals Council finds this additional evidence does not show a reasonable probability that it would change the outcome of the decision. The Appeals Council did not exhibit this evidence."). Mr. Tyler does not develop an argument that the Appeals Council erred in its determination that the 2016 opinion would not change the outcome of the decision, and has therefore waived any such argument.[6] *Wall v. Astrue*, 561 F.3d 1048, 1065 (10th Cir. 2009) (an issue is waived if not adequately supported by "developed argumentation");

---

[6] Even if the Court reached the merits of this argument, it would affirm the Appeals Council's decision because the 2016 opinion is not "new." Evidence is new "if it is not duplicative or cumulative." *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003). The 2016 opinion states the same thing as the 2019 opinion: that Plaintiff has chronic, debilitating pain and cannot work. Is it therefore duplicative and cumulative, and the Appeals Council did not err in refusing to exhibit and consider it.

*Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) ("We will consider and discuss only those . . . contentions that have been adequately briefed for our review.").

Finally, Mr. Tyler argues the Appeals Council erred in rejecting part of Dr. Rounds' opinion on the basis that it is about an issue reserved to the Commissioner—Mr. Tyler's ability to work. Doc. 30 at 9-10. Mr. Tyler argues that such opinions, while not entitled to any special significance, cannot be disregarded and must be evaluated. *Id.* This argument is based on a superseded rule, Social Security Ruling ("SSR") 96-5p, 1996 WL 374183. Doc. 30 at 9-10. The applicable rule now instructs that such statements are neither inherently valuable nor persuasive and the Commissioner "will not provide any analysis about how [she] considered such evidence in our determination or decision." 20 C.F.R. § 404.1520b(c)(3). The Appeals Council did not err in reciting and applying this currently applicable statement of law. AR 5.

## II. The Mental RFC Is Supported By Substantial Evidence.

Mr. Tyler argues that the Appeals Council's adoption of the ALJ's mental RFC is error, and also challenges the step-three findings on mental limitations. Doc. 30 at 10-13. The Appeals Council adopted in full the ALJ's discussion on mental limitations at step three and step four without conducting its own analysis. AR 5-6. Therefore, the Court reviews the ALJ's discussion on the mental limitations for substantial evidence.

Mr. Tyler argues that the finding of "moderate" limitations in interacting with others, concentration, persistence, pace, and adaptation is not adequately covered by the RFC restriction to simple work-related decisions. Doc. 30 at 11. The Court agrees in part: The Commissioner may not use the step-three findings (regarding whether the claimant meets a listing for mental impairments) as a substitute for a proper analysis at step four in determining the RFC. *Wells v. Colvin*, 727 F.3d 1061, 1069 (10th Cir. 2013). But the ALJ revisited and evaluated the issue of mental limitations at step four in this case:

[Mr. Tyler] testified that he took Duloxetine for anxiety and felt withdrawn, but he was not receiving counseling.

. . . .

He also had a history of . . . situational anxiety/depressive disorder. (B1F/34, 17). However, . . . [a]t a wellness check in April 2017, testing was normal; Beck Anxiety test was normal, Burns Depression Index indicated minimal to no depression . . . . A physical exam revealed good insight and judgment, normal mood and affect, and normal memory. (B1F/28)

. . . .

I also found the opinions of the State agency psychological consultants persuasive. They are consistent with the general lack of mental health treatment that the claimant sought or received. I have, however, assessed the claimant with additional mental limitations based on his subjective reports.

AR 226-27.

Nonetheless, Mr. Tyler argues "there is no supporting evidence for the ALJ's and AC's assessment of Plaintiff's mental residual functional capacity." Doc. 30 at 11. Mr. Tyler does not discuss the evidence cited by the ALJ as excerpted above. Instead, Mr. Tyler argues the ALJ should have credited evidence from his self-function report and a report of a longtime friend. Doc. 30 at 12-13. The ALJs' assessments of subjective symptom complaints "warrant particular deference." *White v. Barnhart*, 287 F.3d 903, 910 (10th Cir. 2002). The ALJ need only "set[] forth the specific evidence [s]he relies on in evaluating the claimant's" subjective symptom evidence. *Id.* at 909. The ALJ's discussion "properly grounded h[er] credibility assessment" when she "based h[er] judgment on h[er] review of the medical records as well as [the claimant's] own account of h[is] daily activities, finding both to be inconsistent with h[is] complaints of disabling pain." *Id.* As described in the block quote above, the ALJ satisfied her duty to set forth the evidence she relied on.

Mr. Tyler also argues that "the state agency did not perform a mental residual functional capacity assessment." *Id.* at 12; *see* AR 213-14. Mr. Tyler does not cite any authority requiring

the state agency consultants to perform a mental RFC assessment. Dr. Mark McGaughey, PhD, analyzed the evidence related to Mr. Tyler's mental impairments and concluded "Clmt appears to be capable of performing semi-skilled work." AR 212. The ALJ found this medical opinion persuasive. AR 227. And the state agency consultants' opinions constitute substantial evidence supporting an RFC. *Cowan v. Astrue*, 552 F.3d 1182, 1189-90 (10th Cir. 2008) (ALJ entitled to base the RFC on the state agency consultant's report over contradictory medical evidence); *Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007) (the court does not "reweigh the non-examining physician's opinion and the effect of" the claimant's symptom evidence if the ALJ considered all the relevant evidence); *Weaver v. Astrue*, 353 F. App'x 151, 154-55 (10th Cir. 2009) (ALJ can rely on agency consultants' opinions if he demonstrates he evaluated all the evidence in the record). The Court finds no error here.[7]

　　　　For the same reasons, the Court rejects Mr. Tyler's argument that the ALJ had a duty to develop the record. Doc. 30 at 13. There is no duty to develop the record if "sufficient information existed for the ALJ to make her disability determination." *Cowan v. Astrue*, 552 F.3d 1182, 1187 (10th Cir. 2008). As described above, sufficient information—that is, substantial evidence—existed for the ALJ to make a decision. The ALJ relied on a normal medical exam, a normal wellness check, and the only medical opinions in the file (the state agency psychological consultants) and found that Mr. Tyler's self-reports do not outweigh that evidence. The ALJ did not have a duty to further develop the record.

---

[7] Mr. Tyler also challenges the step-three analysis in an ALJ decision pertaining to a prior disability application. Doc. 30 at 12 (citing AR 168). Because that ALJ decision was not incorporated into the final decision of the Commissioner subject to judicial review in this appeal, the Court does not address whether the ALJ erred in a prior disability application.

## **<u>CONCLUSION</u>**

For the reasons stated above, Mr. Tyler's Motion To Remand Or Reverse Agency

Decision, Doc. 29, is **DENIED**.


**STEVEN C. YARBROUGH**
**United States Magistrate Judge**
**Presiding by Consent**

14